17599. William Reutner v. The City of Cleveland, and Fred Kohler, Mayor of the City of Cleveland. Error to the Court of Appeals of Cuyahoga county.

MUNICIPAL LAW—(1) Art XVIII, Sec. 9, Ohio Const.—(1) Amendment of Municipal Charters under includes repealing and striking out — (2) General amendments permissible — City manager plan, and voting system, may be voted as a whole— (3) Amendments did not constitute a new charter —(4) Provisions not applicable to Cleveland Municipal Charter elections—(5) Hare system of proportional representation is valid—(6) Certain election laws not applicable to municipal elections in charter cities.

ALLEN, J.

1. The power given by the Ohio Constitution, Section 9, Article XVIII, to the electors of a city to amend their municipal charter, includes the power to repeal or strike out provisions.

2. Under Section 9, Article XVIII of the Ohio Constitution, empowering the electors of a city to amend their municipal charter, each section of a proposed amendment need not be submitted separately at an election. An amendment amounting to a general revision, having for its principal purpose to provide for the so-called city manager plan of government, together with a system of voting by the so-called Hare System of Proportional Representation, comprising numerous separate sections, may be voted upon as a whole.

3. In a proposed amendment to the Home Rule charter of the city of Cleveland, all but two sections of the original charter were repealed. The amendment repeated verbatim 60 sections of the original charter, only the section numbers being changed, repeated 105 sections of the original charter, with editorial revisions, and changed substantially 35 sections of the original charter.

Held: That this proposal constituted an amendment, and not a new charter.

4. A proposed amendment, covering 67 printed pages and comprising 181 sections, was submitted to the voters of the city of Cleveland at the election of November, 1921, for their approval. Copies of the proposed amendment were mailed to the electors prior to the election, as provided by the constitution. A digest of the substance of the amendment, consisting of 86 lines, which digest substantially expressed the purpose and terms of the amendment, was printed on the ballot. The constitution did not prescribe that copies of amendments submitted at municipal elections in charter cities should be placed upon the ballots.

Held: That this was a substantial compliance with the constitution. (State, ex rel. Greenlund v. Fulton, Secretary of State, 99 Ohio St., 168, distinguished and held not to apply to municipal charter elections.)

5. The Hare System of Proportional Representation submitted to the voters of Cleveland in the election of November, 1921, as a part of a city charter amendment, and adopted, provides for voting by wards, each ward being entitled to from five to nine councilmen. Each elector in each ward is entitled to vote a first choice, a second choice, a third choice, a fourth choice, a fifth choice, and as many choices in order as there are members of the council to be elected. No voter is entitled to vote more than one first choice.

Held: That this system of voting is valid under the Home Rule amendment of the Ohio Constitution.

6. Under the Home Rule amendment to the Ohio Constitution, the rule that each elector is entitled to vote for every officer whose place is to be filled, is no longer law in this state as regards elections held under Home Rule city charters. (State, ex rel., v. Constantine, 42 Ohio St., 437, held not to apply to municipal elections in charter cities.)

Judgment affirmed.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur. Robinson, J., dissents.